IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYUAN SIMON, *Petitioner*, v. THERESA DELBALSO, *et al.*, *Respondents*. | Case No. 19-cv-4263-JDW |

**MEMORANDUM**

Tyuan Simon objects to Magistrate Judge David Strawbridge's Report and Recommendation recommending that the Court dismiss Mr. Simon's petition for a writ of habeas corpus. The Court will adopt Judge Strawbridge's R&R because, after review, the Court concludes that the R&R cites the correct standard of review for Mr. Simon's claims and applies that standard to the facts. The Court addresses Mr. Simon's objections below.

I.   BACKGROUND

On September 16, 2019, Tyuan Simon filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2013 state court conviction for first-degree murder, solicitation to commit first-degree murder, and criminal conspiracy to commit first-degree murder. Mr. Simon filed an amended petition that asserts five claims: 1) insufficiency of the evidence; 2) ineffective assistance of appellate counsel for failing to preserve an insufficiency of the evidence claim on direct appeal; 3) ineffective assistance of trial counsel for failing to object to claims of witness intimidation; 4) ineffective assistance of trial counsel for failing to object to "racially tainted" jury composition; and 5) trial court error in admitting evidence of prior bad acts. The

Court referred Mr. Simon's Petition to the Honorable David R. Strawbridge, United States Magistrate Judge for a Report and Recommendation.

On March 30, 2021, Judge Strawbridge issued an R&R recommending that this Court dismiss Mr. Simon's Petition. The R&R sets forth the relevant facts, as determined by the state trial court. The Court adopts the facts as set forth in the R&R and need not repeat them here.

The Court granted Mr. Simon two extensions to file his objections to the R&R. On July 19, 2021, Mr. Simon filed his objections to the R&R. Respondents filed a response, arguing that the Court should overrule Mr. Simon's objections. The objections are ripe for review.

## II.    LEGAL STANDARD

The federal habeas statute, 28 U.S.C. § 2254, limits a district court's review to whether a state court's adjudication was the product of an unreasonable application of clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(1)-(2). A federal court must presume that a state court correctly resolved factual issues, but a petitioner can rebut that presumption with clear and convincing evidence. *See Werts v. Vaughn*, 228 F 3d 178, 196 (3d Cir. 2000). A district court cannot grant a petition for a writ of habeas corpus unless the petitioner has "exhausted the remedies available in the courts of the State" or there is no available State corrective process that can effectively protect the petitioner's rights under the circumstances. 28 U.S.C. § 2254(b)(1).

## III.    DISCUSSION

The Local Rules of Civil Procedure permit a party to object to a magistrate judge's R&R as to a petition for a writ of habeas corpus. An objecting party must file "a written statement of objections which shall specifically designate the order, or part thereof, subject to the objections

and the basis for such objection." L. R. Civ. P. 72.1(IV)(a). Mr. Simon objects to Judge Strawbridge's findings as to each of his claims. The Court addresses those objections seriatim.

### A. Sufficiency Of Evidence

Federal courts cannot undertake a *de novo* review of the evidence presented at a state court trial. When reviewing the sufficiency of the evidence as part of a habeas petition, the standard is extremely deferential to the state court's conclusions. "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Travillion v. Superintendent Rockview SCI*, 982 F.3d 896, 902 (3d Cir. 2020) (quoting *Jackson v. Va.*, 443 U.S. 307, 319 (1979)) (original emphasis). "This reasonable doubt standard of proof requires the finder of fact 'to reach a subjective state of *near certitude* of the guilt of the accused.'" *Id.* (quoting Jackson, 443 U.S. at 315) (original emphasis).

Judge Strawbridge's R&R applies this standard and correctly concludes that there was sufficient evidence to convict Mr. Simon of first-degree murder, solicitation, and conspiracy. Mr. Simon argues that "the **only** evidence pointing to any sort of agreement that the victim should be murdered came from the testimony of the person who actually killed the victim." (ECF No. 28 at 2 (emphasis added).) The Court disagrees. There might not have been direct evidence of an agreement, and there rarely is in conspiracy cases. *See Com. v. Sanchez*, 82 A.3d 943, 973 (Pa. 2013). But there was substantial circumstantial evidence beyond the testimony of Bruce Woods to support the conviction. One of Mr. Simon's friends, Jerome Kemp, also testified that Mr. Simon had told him about the murder and "pretty much laid everything out," including the fact that the murder "went as planned." (ECF No. 11-78 at 246, 250.) Mr. Kemp also testified that Mr. Simon was worried about having to pay Mr. Woods the full $10,000 he owed in exchange for killing Mr.

3

Whiting, and that Mr. Woods had called Mr. Simon right after the murder and asked for the money. (*Id.* at 247-48, 250.) Mr. Woods' phone records corroborated the fact that he called Mr. Simon shortly after shooting Mr. Whiting. (*Id.* at 33.) The prosecution also presented evidence related to Mr. Simon's motive to have Mr. Whiting killed. (ECF No. 22 at 16-17.) The record makes clear that there was evidence beyond just Mr. Woods' testimony, and a rational trier of fact could have reached a near certitude of Mr. Simon's guilt after hearing all of that evidence. Thus, the Court will overrule Mr. Simon's objection that Judge Strawbridge deviated from the governing standard for reviewing this claim.

### B. Ineffective Counsel

Mr. Simon raises three discrete ineffective assistance of counsel claims. In asserting such claims, a petitioner must show both deficient performance and that the deficient performance prejudiced his defense. *See Strickland v. Washington* 466 U.S. 668, 687 (1984). Prejudice means "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different." *Id.* at 694. In reviewing a state court's decision on a claim of ineffective assistance of counsel, the Court does not make its own determination under *Strickland*. Instead, the "pivotal question is whether the state court's application of the *Strickland* standard was unreasonably," which is "different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Davis v. Adm'r New Jersey State Prison*, 795 F. App'x 100, 102 (3d Cir. 2019) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).

#### 1. Alleged failure to raise insufficiency of evidence argument on appeal

Mr. Simon's first ineffective assistance claim is predicated on his insufficiency-of-the-evidence claim: he contends that his appellate counsel was "ineffective for filing a defective 1925(b) statement that resulted in waiver of his sufficiency of evidence challenge on direct

4

appeal." (ECF No. 28 at 2.) Mr. Simon's objection argues that he did not procedurally default this claim, but Judge Strawbridge determined that Mr. Simon exhausted this claim and that it is properly before the Court. In other words, Judge Strawbridge concluded that Mr. Simon did not procedurally default this claim. Instead, Judge Strawbridge found that this claim fails on the merits because Mr. Simon's appellate counsel "cannot be deemed ineffective for having failed to raise a meritless claim [i.e., the-insufficiency-of-the evidence claim] on direct appeal." (ECF No. 22 at 20 (quotation omitted).) Indeed, "[t]here can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument." *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999). Mr. Simon does not raise any objection as to this finding. Even if he did, the Court has already concluded that the insufficiency-of-the-evidence argument fails. Because the claim lacks merit, any failure to raise it on appeal did not prejudice Mr. Simon's defense. Thus, this claim fails.

### 2. Alleged failure to object to witness intimidation claim

Mr. Simon's next ineffective assistance claim relates to trial counsel's alleged failure to object to the prosecution's claim of witness intimidation. He objects to the R&R's finding that this claim lacks merit as well, arguing that Judge Strawbridge mistakenly evaluated the state court record. Mr. Simon appears to take umbrage with Judge Strawbridge's reliance on the PCRA court's conclusion that the trial record did not support Mr. Simon's claim that the prosecutor accused him of witness intimidation. Mr. Simon reads the record otherwise and points to the fact that during the prosecution's examination of witness Christopher Carbone, the prosecutor remarked that Mr. Carbone's demeanor changed when Mr. Simon's brother came into the courtroom. However, nowhere in the testimony did the prosecutor accuse Mr. Simon or his brother of witness intimidation. Likewise, Mr. Carbone never testified that Mr. Simon or his brother

intimidated him. Thus, the PCRA court acted reasonably when it read the trial record not to reflect an accusation of witness intimidation. Mr. Simon's trial counsel could not have been ineffective for failing to object to an accusation that was never made. Even if the prosecutor did accuse Mr. Simon of witness intimidation, and even if Mr. Simon's trial counsel failed to object to such an accusation, Mr. Simon's claims of ineffective assistance of counsel would nevertheless fail because Mr. Simon has not demonstrated that but for counsel's error, the result of the trial would have been different. Thus, Mr. Simon's claim fails for this reason as well.

### 3.    Alleged failure to raise *Taylor* claim

Mr. Simon bases his final ineffective assistance of counsel claim on his trial counsel's alleged failure to object to the "tainted jury by racial exclusion." (ECF No. 6 at 7 of 16.) Judge Strawbridge construed this claim as an assertion that trial counsel was ineffective for failing to object to the Commonwealth's alleged violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). It made sense to do so because Mr. Simon raised a *Batson* claim in his initial and supplemental PCRA Petitions. (ECF No. 11-100 at ¶ 31; ECF No. 11-102 at ¶ 13.) He also continued to pursue the *Batson* claim in his PCRA appeal. (ECF No. 11-116 at ¶ 3.) Judge Strawbridge determined that Mr. Simon's *Batson* claim fails on the merits, and Mr. Simon did not object to that finding. To the extent it was part of Mr. Simon's petition, he has waived any argument by not objecting to the R&R.

In his Objections, Mr. Simon takes a different tack and contends that his trial counsel was ineffective for failing to object that the venire did not represent a fair cross-section of the community, in violation of *Duren v. Missouri*, 439 U.S. 357 (1979). As Judge Strawbridge noted in his R&R, Mr. Simon did not raise a *Taylor* claim on direct appeal or in his initial PCRA petition. (ECF No. 22 at 30 n.18.) "[A] federal habeas court may not grant a petition for a writ of habeas

6

corpus . . . unless the petitioner has first exhausted the remedies available in the state courts." *Lambert v. United States*, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C. § 2254(b)(1)(A)). This requires the petitioner to fairly present his or her claim to the state courts. *See Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005). "Fair presentation" obliges a petitioner to pursue his or her claim "through one 'complete round of the State's established appellate review process.'" *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Where a claim was not properly presented to the state court, and state law forecloses further review, the petitioner is considered to have defaulted that claim.

Mr. Simon did not failure present his *Taylor* claim to a state court because he did not raise it at all, so it did not go through one complete round of the state appellate review process. Thus, as Judge Strawbridge noted, any *Taylor* claim is unexhausted and, therefore, procedurally defaulted. Mr. Simon does not offer any explanation or argument as to why this procedural default should be excused, so his *Taylor* claim fails as well.

### C. Violation Of Due Process

Mr. Simon asserts that the trial court violated his right to due process and a fair trial when it admitted evidence of his prior bad acts. Where, as here, "a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). A petitioner's "passing references to the concept of a 'fair trial' in his state court papers" is insufficient to give the state courts fair notice of a federal due process claim. *Keller v. Larkins*, 251 F.3d 408, 414 (3d Cir. 2001).

As Judge Strawbridge noted, Mr. Simon did not give the state courts fair notice of a federal due process claim. Instead, he based his claims on an alleged violation of Pennsylvania Rules of

7

Evidence 404(b), and he did not cite the federal Constitution, any cases discussing the federal Constitution, or even mention "due process" in his briefing. In addition, Mr. Simon's passing reference that introduction of evidence of prior bad acts raised the question of "whether he received a fair trial" is insufficient to put the state courts on notice of a federal due process claim. (ECF No. 11-84 at 6.) In his objections, Mr. Simon does not explain how his lone reference to a "fair trial" was sufficient under governing Third Circuit precedent, particularly given governing case law that says otherwise. As a result, this claim is unexhausted and procedurally defaulted. Furthermore, as Judge Strawbridge noted, Mr. Simon does not offer any explanation or argument as to why this procedural default should be excused. Thus, the Court will overrule his objections as to this claim as well.

**IV.    CONCLUSION**

Mr. Simon disputes his conviction, but he has not shown that the Pennsylvania courts unreasonably applied federal law or made unreasonable factual determinations in considering any of the claims he raised before them. Thus, the Court will adopt Judge Strawbridge's Report and Recommendation and overrule Mr. Simon's objections. And, because there is no basis for reasonable jurists to disagree, the Court will not issue a certificate of appealability. An appropriate Order follows.

BY THE COURT:

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

August 31, 2021